IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LEANDRE R. JENNINGS, <br><br> Petitioner, <br><br> vs. <br><br> CRAIG GAMBLE, TSCI Warden; and ROB JEFFERIES, Director; <br><br> Respondents. | 8:23CV181 <br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on Petitioner Leandre R. Jennings' Petition for Writ of Habeas Corpus, Filing No. 1, brought pursuant to 28 U.S.C. § 2254 and Petitioner's Motion for Leave to File Amendment to Petition ("Motion to Amend"), Filing No. 9. In his Motion to Amend, Petitioner seeks to amend "Ground Four (c)" of the original Petition, and Petitioner attached a complete, signed copy of his proposed amended petition to the Motion to Amend. Filing No. 9. Upon consideration, Petitioner's Motion to Amend is granted, and the Court will treat the amended petition attached to the Motion to Amend as the operative petition (hereinafter "Amended Petition").

The Court now conducts a preliminary review of the Amended Petition to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court. Condensed and summarized for clarity, Petitioner's claims are:

Claim One: The trial court erred when it denied Petitioner's motion to suppress and admitted cell phone records and cell site location information into evidence obtained pursuant to an invalid court order.

| | |
|---|---|
| Claim Two: | The trial court erred in overruling Petitioner's motion to suppress and admitting into evidence the items seized or photographed during the search of Petitioner's residence because the search warrant lacked particularity, was unsupported by sufficient evidence to establish probable cause, and was based on information obtained from a previous unlawful search.[1] |
| Claim Three: | Petitioner received ineffective assistance of trial and appellate counsel in violation of the Sixth Amendment because counsel failed to (1) object to the intentional destruction of biological material DNA evidence; (2) object to false information within the affidavit and application in support of a search warrant for Petitioner's cell phone records; (3) interview or call witnesses in Petitioner's favor; (4) object to jury instruction No. 4; (5) retest all biological material evidence which resulted in a mixed DNA sample; (6) obtain impeaching evidence, including audio and visual recordings, of Petitioner's interview in police headquarters interview room; and (7) object to the false statements of Det. Larry Cahill during his testimony. |
| Claim Four: | The trial court denied Petitioner's postconviction motion without giving him an opportunity to respond to the State's reply brief in violation of due process. |

---

[1] Claim Two combines the claims contained in Grounds Two and Three of the Amended Petition.  Filing No. 9 at 20–22.

**With the exception of Claim Four**, the Court determines that these claims, when liberally construed, are potentially cognizable in federal court. However, the Court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought. Claim Four is not cognizable in a federal habeas action as it is based on errors in the state postconviction proceedings. Errors during state postconviction review are not cognizable in a federal habeas corpus action. *See Bell-Bey v. Roper*, 499 F.3d 752, 756 (8th Cir. 2007) ("Because the Constitution does not guarantee the existence of state post-conviction proceedings, an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas application." (cleaned up)); *Jenkins v. Houston*, 4:05CV3099, 2006 WL 126632 (D. Neb. 2006) (collecting cases). **Claim Four is dismissed**.

Lastly, Petitioner requests the appointment of counsel. Filing No. 4. "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g., Wiseman v. Wachendorf*, 984 F.3d 649, 655 (8th Cir. 2021); *Morris v. Dormire*, 217 F.3d 556, 558–59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted). Here, Petitioner was convicted of, *inter alia*, first degree murder and

sentenced to life in prison. Petitioner states that the transcripts from his trial consist of several thousand pages and appointed counsel is needed to address DNA evidence and phone records. Filing No. 4. Upon careful consideration, the Court will grant Petitioner's motion and will appoint counsel for Petitioner.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion to Amend, Filing No. 9, is granted. The Amended Petition attached to the Motion to Amend is the operative petition. The Clerk of the Court is directed to update the docket text to identify Filing No. 9 as Petitioner's Amended Petition for Writ of Habeas Corpus.

2. Upon initial review of the Amended Petition, Filing No. 9, the Court preliminarily determines that Petitioner's Claims One, Two, and Three, as they are set forth in this Memorandum and Order, are potentially cognizable in federal court. **Claim Four is dismissed**.

3. Petitioner's Motion for Appointment of Counsel, Filing No. 4, is granted.

4. Nicole Cavanaugh is appointed to represent Petitioner pursuant to 18 U.S.C. § 3006A(a)(2)(B).[2]

5. Nicole Cavanaugh is directed to promptly enter her appearance on Petitioner's behalf.

6. No later than December 8, 2023, counsel for Respondents and Nicole Cavanaugh shall confer and file a joint motion suggesting a suitable progression of this

---

[2] Section 3006A(a)(2)(B) provides: "Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who— . . . is seeking relief under section 2241, 2254, or 2255 of title 28."

case. The Court will enter an order progressing this case to disposition following the filing of the joint motion.

7. The Federal Public Defender is directed to provide Nicole Cavanaugh with a CJA voucher in his capacity as administrator of the Criminal Justice Act panel.

8. The Clerk of the Court is directed to send a copy of this Memorandum and Order to the Federal Public Defender, Nicole Cavanaugh, and all other parties who receive notice of filings in this case.

9. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **December 8, 2023**: check for joint progression motion.

Dated this 8th day of November, 2023.

BY THE COURT:

*Joseph F. Bataillon*
Joseph F. Bataillon
Senior United States District Judge